IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

EARLY GLENN,                          )
                                      )
            Petitioner,               )
                                      )
      v.                              )       CV 113-118
                                      )
WILLIAM DANFORTH, Warden,             )
                                      )
            Respondent.               )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Petitioner brought the above-captioned petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the

petition as untimely, (doc. no. 13), and Petitioner's second motion for default, (doc. no.

17). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that

Petitioner's motion for default be **DENIED**, Respondent's motion to dismiss be

**GRANTED**, this petition be **DISMISSED**, and a final judgment be **ENTERED** in favor

of Respondent.

## I.     BACKGROUND

On August 6, 1999, a Richmond County jury found Petitioner, who was

represented by attorney Martin Puetz, guilty of malice murder and possession of a firearm

during the commission of a crime. (Doc. no. 1, p. 1; doc. no. 13-1, p. 1.) Petitioner

received a sentence of life, plus five years on September 9, 1999, (doc. no. 1, p. 1; doc.

no. 13-1, p. 1). See Glenn v. State, 612 S.E.2d 478, 479 n.1 (2005). Petitioner filed a

moiton for new trial on September 21, 1999, which the trial court denied on December

11, 2003. Id. Petitioner appealed his conviction to the Supreme Court of Georgia,

initially represented by E. Ronald Garnett and then Peter Flanagan. (Doc. no. 20-6, p. 21;

Doc. no. 19-3, pp. 19, 23.Doc. no. 13-1, p. 2.) The Georgia Supreme Court affirmed

Petitioner's convictions on April 26, 2005. Glenn, 612 S.E.2d at 481.

On July 6, 2005, Petitioner filed a *pro se* notice of extraordinary motion for new

trial, and filed the motion on July 29, 2005. (Doc. no. 20-6, pp. 12-18.) The trial court

denied Petitioner's motion on October 31, 2006. (Id. at 37.)

Thereafter, on November 13, 2006, Petitioner filed a *pro se* motion for an out-of-

time appeal. (Id. at 39-46.) The trial court denied this motion on December 11, 2006,

stating that "a criminal defendant whose conviction has been reviewed by an appellate

court on direct appeal is not entitled to a second direct appeal from his judgment of

conviction." (Id. at 56.) The Georgia Supreme Court dismissed Petitioner's appeal of the

trial court's December 2006 Order on March 6, 2007, noting that Petitioner's only

remedy was through a petition for a writ of habeas corpus because, under Georgia law,

Petitioner was not entitled to a second direct appeal from his judgment of conviction

because he was not pursuing a proper and valid motion either to void judgment or to void

sentence. (Doc. no. 19-3, p. 6.)

On June 6, 2008, Petitioner filed a habeas corpus petition in the Superior Court of

Mitchell County, and later in October 2008 filed an amended petition adding grounds for

relief. (Doc. no. 1, p. 3; doc. no. 18-1, 18-2; doc. no. 18-6, p. 2.) Following an

evidentiary hearing on December 29, 2009, the state habeas court denied Petitioner's

claims in an order dated November 30, 2010.  (Doc. no. 18-6, pp. 2, 21; doc. no. 1, p. 3.)

The Georgia Supreme Court denied Petitioner's application for certificate of probable

cause to appeal on September 10, 2012.  (Doc. no. 18-8; doc. no. 1, p. 4.)

The instant federal petition was signed by Petitioner on July 17, 2013 and filed by

the Clerk of Court on July 22, 2013.  (See doc. no. 1, p. 18.)  The undersigned initially

recommended that the petition be dismissed as untimely, but, in light of assertions

Petitioner made about post-appeal pleadings he contended tolled the limitations period,

the Court vacated the recommendation and directed Respondent to file responsive

pleadings.  (Doc. nos. 3, 5, 6.)  On December 31, 2013, Respondent filed his answer to

the petition in conjunction with a motion to dismiss the petition as untimely and a motion

requesting the acceptance of his late answer.  (Doc. nos. 11, 12, 13.)  Petitioner moved

for entry of default as a sanction for Respondent filing his responsive pleadings late.

(Doc. no. 14.)  The Court denied Petitioner's motion and granted Respondent's motion to

file responsive pleadings out of time.  (Doc. no. 15.)  In response, Petitioner filed another

motion for entry of default with sanctions, asserting that Respondent's motion to dismiss

is not a responsive pleading and that, since he is aware that a default is not appropriate in

habeas corpus proceedings, he requests that the Court rule on the merits of the petition as

if Respondent had filed an answer to the merits of his petition.  (Doc. no. 17.)

Respondent asserts that the petition should be dismissed as time-barred under 28

U.S.C. § 2244(d).  (See doc. no. 13.)  Petitioner argues that his petition is timely and that

the circumstances of his case warrant tolling the statute of limitations.  (See doc. nos. 16,

23.)

## II.     DISCUSSION

### A.     Petitioner's Motion for Entry of Default Is Meritless.

As the Court has already explained in its order denying Petitioner's first motion for default with sanctions, (doc. no. 15), his second motion for default is meritless.  As Petitioner acknowledges in his motion, "default judgment is not contemplated in habeas corpus cases."  Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987).  Therefore, Petitioner's request is not procedurally correct and will not be contemplated by this Court.  Moreover, to the extent Petitioner's motion requests a remedy other than default as sanctions for Respondent's "tardiness," (doc. no. 17, p. 1), the Court finds that sanctions are not warranted here, where Respondent has explained that the failure to file a timely answer was an oversight and was not "due to contumacious conduct."  (Doc. no. 11, p. 2; doc. no. 21, p. 2.)  Furthermore, even if the Court were to contemplate Petitioner's motion, his requested sanction, that the Court act as if Respondent had merely filed an answer addressing the merits of his petition elevates form over substance. Accordingly, Petitioner's motion for default with sanctions is **DENIED**.  (Doc. no. 17.)

### B.     The Instant Petition Should Be Dismissed as Time-Barred.

Petitioner argues that his current petition is timely for two reasons.  (Doc. no. 16, pp. 1-3.)  First, Petitioner asserts that his state habeas corpus petition was filed within the four year statute of limitations of O.C.G.A. § 9-14-42.  (Id.)  According to Petitioner, this tolled the federal deadline until the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas petition on September 10, 2012.  (Id.)  His current petition was filed within a year of September 10, 2012.  (Id.) Second, Petitioner asserts that the trial court did not inform him of the one-year federal

4

statute of limitations at his sentencing, in accord with O.C.G.A. § 9-14-42(d), which states

"[a]t the time of sentencing the court shall inform the defendant of the periods of limitations

set forth in subsection (c) of this Code section."  For the reasons set forth below, the current

petition is untimely because Petitioner's one-year statute of limitations expired before he

filed his state habeas corpus petition.

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for §

2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has proffered no reason to suppose that §§ 2244(d)(1)(B), (C), or

(D) apply to the instant case, it is governed by § 2244(d)(1)(A).  Under § 2244(d)(1)(A),

a judgment becomes final upon "the conclusion of direct review or the expiration of the

time for seeking such review." Petitioner filed a direct appeal, and the Georgia Supreme Court affirmed on April 26, 2005. A petitioner has ninety days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (citing U.S. Sup. Ct. R. 13.1). Therefore, Petitioner's conviction became "final" in 2005 when the ninety-day time period for indicating intent to seek review in the United States Supreme Court expired.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, after the Supreme Court affirmed his convictions, Petitioner filed an extraordinary motion for new trial on July 29, 2005, which the trial court denied on October 31, 2006, and a motion for out-of-time direct appeal, which the trial court denied on December 12, 2006 and the appeal of which the Georgia Supreme Court dismissed on March 6, 2007. The Court need not determine whether these motions tolled the one-year statute of limitations under § 2244(d)(2) because Petitioner waited more than one year following denial of his motion for out-of-time direct appeal on March 6, 2007, before filing his state habeas petition on June 6, 2008. Therefore, by the time Petitioner filed his state habeas corpus petition, the one-year statute of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

Petitioner's arguments that his motion is timely are without merit. As to Petitioner's

first argument, that he filed his state habeas corpus petition within four years of conviction,

pursuant to O.C.G.A. § 9-14-42,[1] and thereafter filed his current petition within a year of the

resolution of his state habeas corpus petition, the federal statute of limitations is controlled by

28 U.S.C. § 2244, as outlined above. O.C.G.A. § 9-14-42 merely controls the statute of

limitations for filing state habeas corpus petitions. As discussed above, because Petitioner

waited more than one year following the denial of his extraordinary motion for new trial on

March 6, 2007, before filing his state habeas petition on June 6, 2008, the one-year statute of

limitations for filing a federal habeas corpus petition had already run when Petitioner filed his

state habeas petition. Therefore, his current petition is untimely.

As to Petitioner's second argument, that he was not informed of the one-year statute

of limitations for filing a federal habeas corpus petition, Petitioner is mistaken about the

sentencing court's duty under O.C.G.A. § 9-14-42(d). Under that section, the sentencing

court must inform the defendant of the periods of limitation in O.C.G.A. § 9-14-42(c) for

filing a state habeas corpus petition. Thus, the sentencing court had no duty to inform

Petitioner of the statute of limitations for filing a federal habeas corpus petition. Indeed, the

---

[1]O.C.G.A. § 9-14-42 states:

(c) Any action brought pursuant to this article shall be filed . . . within four years in
the case of a felony, other than one challenging a conviction for which a death
sentence has been imposed or challenging a sentence of death, from:

(1) The judgment of conviction becoming final by the conclusion of direct review
or the expiration of the time for seeking such review; provided, however, that any
person whose conviction has become final as of July 1, 2004, regardless of the
date of conviction, shall have until July 1, 2005, in the case of a misdemeanor or
until July 1, 2008, in the case of a felony to bring an action pursuant to this Code
section[.]

Eleventh Circuit has stated that "the law does not require a court, *sua sponte,* to remind a *pro se* litigant that he has only one year to file his claim." Outler v. United States, 485 F.3d 1273, 1283, n.4 (11th Cir. 2007). Therefore, for the reasons discussed above, the instant § 2254 petition is untimely, as it was filed by Petitioner over one year after the limitations period began to run.

### C. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As explained above, Petitioner has not provided any such explanation that would delay or reset the limitations period, and thus there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549

8

U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See <u>Chavez v. Sec'y Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1072 (11th Cir. 2011); <u>Arthur v. Allen</u>, 452 F.3d 1234, 1252 (11th Cir. 2006).

Consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1931 (2013) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 495-96 (1985)); <u>see also</u> <u>Wyzykowski v. Dep't of Corr.</u>, 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." <u>Rozzelle v. Sec'y, Florida Dep't of Corr.</u>, 672 F.3d 1000, 1011 (11th Cir. 2012) (citing <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001)). In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. <u>Id.</u> at 1017.

Here, Petitioner makes several arguments as to why he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. (<u>See</u> doc. nos. 16, 23.) First, Petitioner asserts that because no one informed him of the federal statute of limitations period, as discussed above, and because he was pursuing exhaustion of his

claims by filing a state collateral attack, the statute of limitations should be tolled under the reasoning of Duncan v. Walker, 533 U.S. 167 (2001). However, Petitioner's comparison of his case to Duncan is inapposite. In Duncan, the United States Supreme Court found that a petitioner's first federal habeas petition did not toll the limitations period under § 2244(d)(2) after considering that the tolling provision "promotes the exhaustion of state remedies by protecting a state prisoner's ability to apply for federal habeas relief while state remedies are being pursued." Id. at 179.

Here, not only is this situation different from that in Duncan because this is Petitioner's first federal habeas petition, but additionally, as outlined above, Petitioner did not attempt to file a state habeas petition until more than one year after the resolution of his motion for out-of-time direct appeal. Because Petitioner waited more than one year after this motion for out-of-time direct appeal was denied before filing his state habeas corpus petition, he was not pursuing his state remedies and therefore the promotion of exhaustion of state remedies emphasized by the Court in Duncan would not be served in the instant case. Nor does this demonstrate that he has been pursuing his rights diligently. See Lawrence, 549 U.S. at 336. He has also not shown that any circumstance, much less an extraordinary circumstance, prevented him from timely filing his federal petition. Id.

Second, Petitioner asserts that a fundamental miscarriage of justice has occurred because the prosecutor committed misconduct for failing to correct false testimony given by a police officer. (Doc. no. 16, p. 4-5.) Petitioner contends that the officer's testimony that the victim told him he was shot by Petitioner was false because it had not been

included in that officer's report. (Id.) Petitioner contends the report was not available to him during trial and Mr. Puetz did not obtain the document until after trial. (Id. at 6.)

This argument fails to satisfy the actual innocence exception. Petitioner cannot show that this was reliable evidence not presented at trial. Evidence known to a petitioner at the time of trial is not "new." Frederick v. Sec'y Dep't of Corr., 481 F. App'x 472, 474 (11th Cir. 2012) (citing Rozzelle, 672 F.3d at 1016-19). Here, the officer's report was known at the time of trial and discussed during his testimony. (Doc. no. 20-1, p. 168; doc. no. 20-2, pp. 1-11.) Indeed, the officer acknowledged on both direct examination and cross-examination that his testimony as to what the victim told him was not in his written report but should have been. (Doc. no. 20-2, pp. 3-5, 10-11.) Thus, since this evidence was known at the time of trial, it is not "new." However, even if the Court were to assume that this report was "new" evidence, Petitioner cannot demonstrate that the report shows that it is more likely than not that no reasonable juror would have convicted him. Johnson, 256 F.3d at 1171. In fact, the officer was cross-examined at trial about the victim's statements not being in his report, gave his explanation, and the conflict between his report and testimony was heard by the jury. Petitioner was, nonetheless, convicted of malice murder. Thus, Petitioner cannot demonstrate that the report shows that it is more likely than not that no reasonable juror would have convicted him, and therefore Petitioner cannot demonstrate that his untimely petition should be considered because a fundamental miscarriage of justice has occurred. Id.

Third, Petitioner's argues a fundamental miscarriage of justice because Mr. Flanagan failed to raise the claim that Mr. Puetz was ineffective when Mr. Puetz did not object and ask for a limiting instruction to the state's use of "prejudicial testimony given by the State's key witness testimony of two non-testifying co-defendants whom employed their 5th Amendment." (Doc. no. 16, p. 4; doc. no. 1, p. 6; doc. no. 8, p. 3.) As to this claim, Petitioner fails to present any evidence, much less new evidence, to suggest he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Johnson, 256 F.3d at 1171.

In sum, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for default be **DENIED**, Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 13th day of June, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA