IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| EARLY GLENN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-118 |
| ) | |
| WILLIAM DANFORTH, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 28).[1] The Magistrate Judge recommended dismissal of the petition as time-barred because Petitioner's one-year statute of limitations expired before he filed his state habeas corpus petition. (See doc. no. 24.)

Petitioner's objections are mainly a reiteration of contentions previously made and rejected by the Magistrate Judge. Two points, however, warrant further comment. Petitioner states that the Magistrate Judge failed to address two issues. Petitioner first asserts the Magistrate Judge did not address his argument that he had no direct appeal because attorney E. Ronald Garnett, who initially represented Petitioner on direct appeal, was disbarred while his direct appeal was pending. (Doc. no. 28, pp. 1-4.) He argues that because he could not be represented by a disbarred attorney, his direct appeal was

---

[1]Petitioner requested, and was granted, an extension of time in which to object to the Report and Recommendation. (Doc. nos. 26, 27.)

"null and void," and therefore, the statute of limitations for his federal habeas corpus action never began to run. Relatedly, Petitioner asserts that attorney Peter Flanagan did not file an appeal brief on his behalf. (Id. at 5.)

The Magistrate Judge addressed Petitioner's assertions. Citing documents in the record from Mr. Garnett, Mr. Flanagan, and the Georgia Supreme Court, the Magistrate Judge stated that Petitioner appealed his convictions to the Georgia Supreme Court and was initially represented by Mr. Garnett and then Mr. Flanagan. (Doc. no. 24, p. 2.) The Georgia Supreme Court affirmed Petitioner's convictions on April 26, 2005. (Id.) Indeed, Petitioner's appeal was stricken and remanded for appointment of new counsel after Mr. Garnett was disbarred on September 27, 2004 for conduct unrelated to Petitioner's case, Mr. Flanagan was appointed as Petitioner's counsel on November 16, 2004, and the case was redocketed in the Georgia Supreme Court on November 24, 2004. (See doc. no. 19-3, pp. 18-25.) Moreover, the Georgia Supreme Court's opinion reflects that Mr. Flanagan represented Petitioner on appeal when it addressed Petitioner's assertions of error. Glenn v. State, 612 S.E.2d 478, 479 (2005). Thus, as the Magistrate Judge correctly found, Mr. Flanagan represented Petitioner on appeal and was counsel of record when the Supreme Court affirmed his convictions and, therefore, his direct appeal concluded. (See doc. no. 24, pp. 4-8.) Thereafter, the one-year statute of limitations to file a federal habeas corpus petition expired before Petitioner filed his state habeas corpus petition on June 6, 2008, making the current petition untimely. (See doc. no. 24, pp. 4-8.)

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES**

2

Petitioner's motion for default, **GRANTS** Respondent's motion to dismiss, and **DISMISSES** the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 6th day of August, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3